**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kristina Harrison,<br><br>            Plaintiff,<br>vs.<br><br>UNUM Life Insurance Company of America, et al.,<br><br>           Defendants. | No. CV-21-01536-PHX-SPL<br><br>**ORDER** |

      Before the Court is Plaintiff Kristina Harrison's Motion to Amend Complaint (Doc. 27). For the following reasons, the Motion will be granted.[1]

**I.    BACKGROUND**

      On September 8, 2021, Plaintiff filed a Complaint alleging claims under the Employee Retirement Income Security Act ("ERISA") against Defendants UNUM Life Insurance Company of America, Evangelical Lutheran Good Samaritan Society Long-Term Disability Plan, and Evangelical Lutheran Good Samaritan Society. (Doc. 1). On December 6, 2021, Defendants answered the Complaint. (Doc. 17).

      On February 1, 2022, in accordance with the Court's Order (Doc. 18), the parties filed a Joint Case Management Report (Doc. 19). In the Report, Plaintiff raised for the first time an argument that the long-term disability plan ("LTD Plan") underlying her claims is

---

[1] The parties also filed a Stipulation (Doc. 32) requesting additional time for Plaintiff to file a Reply in support of the Motion to Amend. Because the Motion will be granted, the Stipulation will be denied as moot.

exempt from ERISA under the church-plan exemption and announced her intent to amend the Complaint to bring claims for breach of contract and insurance bad faith. (Doc. 19 at 4). Defendants argued in the Report that the church-plan exemption does not apply to the LTD Plan and stated that they would oppose amendment of the Complaint. (Doc. 19 at 8).

On February 11, 2022, the Court held a Case Management Conference to discuss the issues raised in the Report. (Doc. 22). The Court then filed a Rule 16 Case Management Order, giving the parties until March 4, 2022 to amend their pleadings. (Doc. 23 at 1). On March 3, 2022, Plaintiff filed the instant Motion to Amend, seeking to add state-law claims in the alternative to her ERISA claims. (Doc. 27). Defendants oppose the Motion. (Doc. 31).

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure ("Rule") 15(a)(2) provides that leave to amend a complaint should be "freely give[n] . . . when justice so requires." The policy in favor of amendment "is to be applied with extreme liberality." *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014) (internal quotation marks omitted). Still, courts consider the following factors in deciding whether to grant leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff had amended the complaint before. *Id.* The prejudice factor carries the most weight. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining . . . factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* The party opposing amendment bears the burden to show that leave to amend should be denied. *See New Enters. Ltd. v. SenesTech Inc.*, No. CV-18-08033-PCT-JAT, 2019 WL 1505898, at *2 (D. Ariz. Apr. 5, 2019).

## III.  DISCUSSION

Defendants' opposition to the Motion to Amend is based exclusively on the futility factor. Specifically, Defendants argue that Plaintiff cannot make viable state-law claims because the LDT Plan is governed by ERISA—which preempts state law—as the church-

plan exemption does not apply. (Doc. 31 at 9). "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim." *Coronado v. Costco Wholesale Corp.*, No. CV-18-04184-PHX-SMB, 2019 WL 2288312, at *1 (D. Ariz. May 29, 2019) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). Thus, "denial on [the ground of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.* at *1 (alteration in original) (quoting *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, No. CV-F-05-1411 OWW/GSA, 2010 WL 596312, at *14 (E.D. Cal. Feb. 16, 2010)). Ninth Circuit precedent favors allowing amendment so the court may give full consideration to the merits of the additional claims. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987); *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981); *Coronado*, 2019 WL 2288312 at *1.

Defendant's Response is aimed at the merits of the proposed amendments. (Doc. 31 at 2–9). Defendants make several factual arguments based on the attached LTD Plan documents as to whether the church-plan exemption applies. But such questions are not appropriate for resolution on a Motion to Amend, and in light of the complex nature of ERISA and the church-plan exemption, the issue would benefit from full briefing. At this stage, the Court need only note that "where the applicability of ERISA to a particular plan is in doubt, a plaintiff may properly plead state law claims and, *alternatively*, a claim seeking recovery under ERISA" in order to determine that the proposed amendments are not futile. *Hancock v. Hartford Life & Accident Ins. Co.*, No. CIV. 2:06-CV-00208-FCD-DAD, 2006 WL 1652689, at *3 (E.D. Cal. June 14, 2006). Defendants have not provided sufficient justification to depart from the strong presumption in favor of amendment, so the Motion will be granted.

///

///

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Amend Complaint (Doc. 27) is **granted**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall file the lodged Proposed First Amended Complaint (Doc. 28).

**IT IS FURTHER ORDERED** that Defendants shall have until **April 12, 2022** to file an answer to the First Amended Complaint or otherwise respond as provided by Rule 12 of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Stipulation for Extension of Time for Plaintiff to File Reply (Doc. 32) is **denied as moot**.

Dated this 29th day of March, 2022.

Honorable Steven P. Logan
United States District Judge